**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DENIS SULTANOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1882-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Denis Sultanov, a noncitizen[1] and Russian national, filed through counsel a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 7. The undersigned set an expedited briefing schedule. Doc. 8. Respondents filed a Motion to Dismiss, Doc. 11, and Petitioner responded, Doc. 13. Petitioner also filed an Application for a Temporary Restraining Order ("TRO Application"). Doc. 2. The undersigned ordered a response, Doc. 12, and Respondents filed a response in opposition, Doc. 14.

For the reasons below, the undersigned recommends that the Court grant the Motion to Dismiss and dismiss the Amended Petition. Adoption of this recommendation would moot Petitioner's pending TRO Application.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. <u>Background</u>

Petitioner, a citizen of Russia, entered the United States without inspection near Tecate, California, on or about January 10, 2024. Pet. at 5. ICE soon encountered him, initiated removal proceedings against him, filed a Notice to Appear, and released him on his own recognizance. *Id.*; Doc. 1-2 at 2 (Notice to Appear); Doc. 1-3 at 2-5 (Order of Release on Recognizance).

On December 2, 2025, while working, Petitioner was stopped by a Texas state trooper. Pet. at 6. Petitioner claims the trooper arrested him without a warrant. *Id.* Petitioner was later transferred to ICE custody, where he remains. *Id.*

On January 22, 2026, Petitioner filed a habeas petition before this Court in *Sultanov v. Lyons*, No. CIV-26-108-D (W.D. Okla. Jan. 22, 2026) ("First Habeas Petition"). He argued in his first petition that "his continued detention without a bond hearing violates his due process rights." *Sultanov v. Lyons*, No. CIV-26-108-D, 2026 WL 676502, at *1 (W.D. Okla. Mar. 10, 2026) ("*Sultanov I*"). On March 10, 2026, this Court granted the First Habeas Petition in part, found 8 U.S.C. § 1226(a) governed Petitioner's ICE detention, and ordered Respondents to provide him with a bond hearing. *Sultanov I*, 2026 WL 676502, at *2. After ruling § 1226(a) entitled Petitioner to a bond hearing, the Court declined to address his remaining claims at that time. *Sultanov I*, 2026 WL 676502, at 2 & n.2.

After *Sultanov I*, an Immigration Judge ("IJ") held a bond hearing. On March 13, 2026, the IJ denied Petitioner's bond request after finding "his release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." Doc. 11-1 at 5 (IJ Order); Pet. at 6; Doc. 13 at 1.

On July 23, 2026, Petitioner filed the instant Petition. Pet. at 1. Respondents filed a Motion to Dismiss, Doc. 11, and seek dismissal of the Petition based on abuse of the writ. Petitioner responded. Doc. 13.

On July 30, 2026, an IJ ordered Petitioner removed. Doc. 14-1 at 1-2. On August 17, 2026, he appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 4. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 17, 2026).

## II. Petitioner's Claims and Respondents' Motion to Dismiss

Petitioner raises three claims in his Petition.

- **Count I: Violation of Fifth Amendment Due Process**. Petitioner alleges Respondents violated his rights to procedural due process by not giving him "a pre-deprivation hearing." Pet. at 20.
- **Count II: Unlawful Arrest and Detention**. Petitioner alleges his warrantless arrest without notice violated 8 U.S.C. § 1357(a) and ICE regulations for a warrantless arrest because officers did not have probable cause that he posed a flight risk. Pet. at 20-21.
- **Count III: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges Respondents violated the INA with his arrest and by applying 8 U.S.C. "§ 1225(b)(2)'s mandatory detention scheme to noncitizens who are properly subject § 1226(a)." Pet. at 21.

Petitioner seeks immediate release and an order that Respondents not "re-detain/re-arrest [him] without a pre-deprivation hearing before a neutral [IJ]." *Id*. at 22.

In the Motion to Dismiss, Respondents argue the Petition should be dismissed as an abuse of the writ because "Petitioner now seeks to further relitigate the same facts and issues resolved in the prior proceeding." Doc. 11 at 2. Respondents claim Petitioner's claims, "though somewhat reworded, are essentially the same" as those claims in his First Habeas Petition and he "has already received the relief to which he is entitled." *Id*.

Petitioner responds that his pending Petition "raises legal distinct grounds concerning the circumstances of [his] arrest, compliance with applicable post-arrest procedures, and the legal validity of the revocation of his conditional parole." Doc. 13 at 1. He further argues the Petition "raises claims that were not adjudicated" in *Sultanov I*. *Id.* at 2.

## III. <u>**Standard of Review**</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 26-CV-00808, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending,

the later filed petition may be dismissed as duplicative and without prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.; see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions). "On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1 (quoting *Fotabong v. FNU LNU*, No. 26-CV-02087, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026))

## IV. Analysis

### A. The abuse-of-the-writ doctrine bars Petitioner's claims because they were or could have been raised in his First Habeas Petition.

The principle called "abuse of the writ" developed in case law and is akin to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine).[2] The abuse-of-the-writ doctrine allows a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not," *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). *See also Petrocelli v. Angelone*, 248 F.3d 877, 884

[2] The general bar on second-or-successive habeas petitions does not apply to immigration detainees like Petitioner. Judges in this District have concluded 28 U.S.C. § 2244(a) "does not bar [an immigration habeas] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States', and [an immigration habeas] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Order, Doc. 11 at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)).

(9th Cir. 2001) (noting "generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (citation modified). While "the government bears the burden of pleading abuse of the writ," once it does so, "the burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citation modified). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-495.

Petitioner's first claim in the Petition raises a due process challenge very similar to the due process challenge he raised in his First Habeas Petition. *See Sultanov I*, 2026 WL 676502, at *1 (noting Petitioner "asserts that his continued detention without a bond hearing violates his due process rights"). The arguments in his Petition, while phrased slightly differently than before, turn on the same issue: whether he has received adequate due process with his ICE detention. *See Singh v. Warden, Otero Cnty. Processing Ctr.*, No. CV-26-1988, 2026 WL 1815471, at *2 (D.N.M. June 24, 2026) (ordering petitioner to show cause why second petition shouldn't be dismissed for abuse of the writ where although his arguments were "phrased slightly differently than before," both petitions "appear to turn on the same issue [of] whether Petitioner received adequate process in connection with his immigration detention").

Petitioner's second claim of a warrantless arrest "could have been presented in an earlier petition but was not." *Stanko*, 617 F.3d at 1269. Petitioner fails to "establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* at 1271 (citing *McCleskey*, 499 U.S. at 489). He offers no explanation for why he did not or could not raise such warrantless arrest claims in the First Habeas Petition,

considering those facts existed when he filed his initial petition. *See Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) ("Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings.") (quoting *McClesky*, 499 U.S. at 493-94).

Finally, Petitioner's third claim in the Petition fares no better. To the extent he alleges Respondents violated the INA by detaining him under § 1225(b)(2), this Court previously determined § 1226(a) governed his detention and entitled him to a bond hearing. *Sultanov I*, 2026 WL 676502, at *1. To the extent Petitioner claims his arrest violates the INA, he could have raised that challenge in his First Habeas Petition.

Accordingly, the Court should grant the Motion to Dismiss and dismiss the Petition for abuse of the writ because Petitioner raised or could have raised all pending claims in his First Habeas Petition. *See Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4-5 (W.D. Okla. Sep. 10, 2026) (recommending application of abuse of the writ for a petition alleging claims that were previously raised or could have bene raised in an earlier habeas proceeding) (R&R), *adopted*, 2026 WL 2825767 (W.D. Okla. Sep. 21, 2026); *Kumar v. Mullin*, No. CIV-26-1158-R, 2026 WL 2533143, at *3 (W.D. Okla. Aug. 27, 2026) (same) (R&R), *adopted*, 2026 WL 2694135, at *1 (W.D. Okla. Sep. 14, 2026).

## V. Petitioner's Application for Temporary Restraining Order

On July 23, 2026, Petitioner filed his TRO Application and requested that the Court "direct[] Respondent[s] to release [him] from their custody" and "enjoin[] the Respondents from relocating [him] outside of [this District] pending final resolution of this case." Doc. 2 at 1. The undersigned ordered Respondents to respond to the TRO Application "[i]n light of the opinion issued in *Abedi v. Carter*, --- F.4th ----, No. 25-3179, 2026 WL 3149141, at *10-14 (10th Cir. Oct. 21, 2026)." Doc. 12. Respondents responded and oppose any injunctive relief requested by Petitioner. Doc. 14. Adoption of this recommendation would moot Petitioner's pending TRO Application.

## VI. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT** Respondents' Motion to Dismiss, Doc. 11, and **DISMISS** the Petition for habeas relief, Doc. 1. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending Application for Temporary Restraining Order, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 1, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 8, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of November, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE